IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATIENCE OKOROJI, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:20-CV-2303-O |
| | § | (NO. 3:15-CR-559-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Patience Okoroji, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying case, No. 3:15-CR-559-O, styled "United States v. Patience Okoroji, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

On February 18, 2016, movant and others were named in a six-count superseding indictment in which movant was charged in count one with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349, and in counts two through six with healthcare fraud, aiding and abetting, in violation of 18 U.S.C. §§ 1347 and 2. CR Doc.[1] 48. The Court declared the case a complex one and continued the trial until September 6, 2016. CR Doc. 55. The Court later granted several motions for continuance, ultimately setting the trial for June 18, 2018. CR Docs. 81, 85, 92, 115, 146, 167, 185.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:15-CR-559-O.

On June 12, 2018, movant and her attorney signed a plea agreement, pursuant to which she agreed to plead guilty to count one of the superseding indictment and the government agreed to dismiss the remaining counts. CR Doc. 248. They also signed a factual resume setting forth the elements of the offense and the stipulated facts establishing that movant had committed the offense. CR Doc. 249. On July 14, 2018, movant entered her plea of guilty to count one of the superseding indictment. CR Doc. 266. The Magistrate Judge issued a report recommending that the plea be accepted. CR Doc. 272. No objections were filed and the Court accepted the recommendation. CR Doc. 323.

The probation officer prepared a presentence report ("PSR") reflecting that movant's base offense level was 31, CR Doc. 337, ¶ 57. She received a four-level increase for her role in the offense, *id.* ¶ 60, and a two-level increase for abuse of public trust. *Id.* ¶ 61. She received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 65, 66. Based on a total offense level of 34 and a criminal history category of I, movant's guideline imprisonment range was 151 to 188 months. However, the statutorily authorized maximum sentence was 10 years, so the guideline term became 120 months. *Id.* ¶ 102. Movant filed objections, CR Doc. 362, and the probation officer prepared an addendum to the PSR. CR Doc. 390. Movant also filed a sentencing memorandum and motion for downward variance. CR Doc. 375.

At sentencing, the government pointed out that although it did not object to movant's receipt of two points for acceptance of responsibility, she had not fully accepted responsibility for her actions as an instigator of the fraudulent plan. The government urged that she be sentenced near the top of the guidelines. CR Doc. 506 at 6. The Court sentenced movant to a term of imprisonment of 120 months. CR Doc. 424. She appealed. CR Doc. 434. Her attorney was allowed

to withdraw and counsel was appointed to represent movant on appeal. CR Docs. 475, 480. The United States Court of Appeals for the Fifth Circuit granted substitute counsel's motion to withdraw and remanded the case for the limited purpose of correcting a clerical error in the judgment. CR Doc. 592.

## II. GROUND OF THE MOTION

Movant asserts one ground in support of her motion. She says that her counsel was ineffective for failing to properly engage in plea negotiations. Doc.[2] 1 at PageID[3] 4.

## III. APPLICABLE STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page number on the form used by movant is not the actual page number and because additional pages have been appended to the form motion.

will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of her motion, movant alleges that on multiple occasions she urged her counsel to engage in plea negotiations and he failed to do so. Specifically, "counsel's failure to timely plea bargain while every other codefendant engaged in plea negotiations and pled constituted ineffective assistance of counsel." Doc. 1 at PageID 20. The contention that every other co-defendant pleaded guilty is false. Three defendants went to trial and were convicted. CR Docs. 303, 304, 305. The remainder of the motion is just as incredible.

There is no probative evidence to support the contention that movant's counsel was ineffective, much less that movant suffered any harm as a result of her counsel's failure to engage in plea negotiations. The Court notes that movant's purported declarations are made on "knowledge, information and belief," Doc. 1 at PageID 24–28, and do not meet the requirements of 28 U.S.C. § 1746. *Cf. In re Dengel*, 340 F.3d 300, 313 (5th Cir. 2003)(affidavits made on information and belief are not competent summary judgment evidence); *Richardson v. Oldham*, 12 F.3d 1373, 1378–79 (5th Cir. 1994)(same). They are wholly conclusory in any event. Further, the emails attached to her supplement are not authenticated. Doc. 3. And, even if they were, the emails reflect that movant's counsel kept her informed of proceedings and strategy. As her son confirmed, "Looks good, strategy on our end is still to approach prosecuter [sic] before trial." Doc. 3 at PageID 49. As counsel observed in response, the hope was that the prosecutor would leave the office and movant might get a better deal from her replacement. *Id.*

Movant's counsel had several conversations with the prosecutor over many months and the prosecutor never changed her position that movant must plead to count one, which movant was unwilling to do. CR Doc. 614 at 3. Rather, movant denied her role in the conspiracy and indicated

through her son that she might only consider pleading guilty if subject to a five-year cap. *Id.* Ultimately, she decided to plead guilty after the other primary actor pleaded guilty. *Id.* at 3–4. Even then, the prosecutor felt like movant was minimizing her role and not being completely honest. *Id.* at 4. To this, movant has no response except to continue to make the conclusory allegation that she was somehow harmed by the delay in engaging in plea negotiations. Doc. 12.

As noted, judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. Movant has not come forward with any evidence to show that her claim has the slightest merit. Her conclusory allegations are simply not sufficient. *Miller*, 200 F.3d at 282. One cannot satisfy the prejudice requirement of *Strickland* with speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Here, at best, movant points to the discrepancy between her sentence and that of her co-defendant Ewah. Doc. 1 at PageID 22. She neglects to note that he testified for the government at the trial of the co-defendants who did not plead. Clearly, they were not in the same position. Maintaining that they should have gotten the same sentence is nothing more than wishful thinking.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 16th day of August, 2021.

                                              Reed O'Connor
                                         **UNITED STATES DISTRICT JUDGE**